## Hobbs' License

*Donald D. Dolbin,* for appellant.
*John J. Curran,* for Secretary of Revenue.

PALMER, P. J., December 9, 1957.—The present action is an appeal from the suspension of motor vehicle privileges for an indefinite period for the reason that appellant was involved in a fatal accident in the Commonwealth of Massachusetts. A hearing was held before the court on June 3, 1957, at which time testimony was taken. At the time of the hearing, appellant was called for cross-examination by the Commonwealth, and he testified that while he was driving a car on a highway in Massachusetts, he was forced off the highway by an oncoming car and in order to avoid a collision, he turned his car to the right and slid into a tree. Appellant further testified that he was operating his vehicle under the speed limit and that he believed the oncoming car would have crashed into him unless he attempted to avoid the collision. No evidence was presented concerning the negligence or carelessness of defendant.

The Appeal of Levengood, 377 Pa. 301 (1954), is authority for the proposition that the question presented by the appeal is whether, in this fatal accident, the charge of negligence was of such a nature as to warrant a court, in its discretion, to suspend a license. The court further stated:

"A suspension of a driver's license is not required solely because he was involved in a fatal accident

wherein he was guilty of negligence. Negligence alone is insufficient. The negligence must be of such nature, in the discretion of the hearing judge, as to warrant such punitive punishment necessary for the protection of the public."

The Commonwealth apparently relies upon section 615(e) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §192(e), which reads as follows:

"The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The certificate from Massachusetts claims that defendant "operated his motor vehicle negligently so that the lives or safety of the public might be endangered", which amounts in Pennsylvania to a charge of reckless driving. There is no evidence that defendant operated his vehicle recklessly. On the contrary, it is shown that he made every attempt to avoid an accident with the oncoming car and, unfortunately, was forced off the road resulting in the tragic death of his friend.

The Commonwealth offered into evidence what purported to be an official document from the Commonwealth of Massachusetts, which document was objected to by defendant. The court reserved a ruling upon the document, and it is now decided that the certificate was not properly authenticated for admission into evidence as an exhibit in the present case.

The Act of Congress, May 26, 1790, and June 25, 1948, 62 Stat. 947, 28 U. S. C. A. §1738, is cited, which reads as follows:

"The records and judicial proceedings of the courts of any such state, territory or possession, or copies thereof, shall be proved or admitted in any other courts within the United States and its territories and possessions, by the attestation of the clerk and the seal of the court annexed, if a seal exists, *together with a certificate of a judge of the court that the attestation is in proper form.*" (Italics supplied.)

There is no certificate from a judge of the court of Massachusetts that the attestation is in proper form, and, therefore, the certificate is inadmissible under the Act of Congress. This matter is covered in section 356 of Henry on Pennsylvania Evidence, pages 359, 360, which further indicates that the judge's certificate must be annexed.

And now, December 9, 1957, for the above reasons, the appeal is sustained and the action of the Department of Revenue is reversed.

And now, December 9, 1957, on motion of John J. Curran, Esq., attorney for the Commonwealth of Pennsylvania, an exception is noted.